Lambros, on behalf of Mr. High Council. This case is a case that got to the Court when a motions panel certified the following question, and I'll paraphrase. Whether the district court, the Court below, erred in determining NRS 177.3153 since repealed was consistently applied in 1991. So we have kind of a very arcane issue in terms of where we're focusing. 177.315 has since been repealed. 1991 was 13 years ago. With those things in mind, I think that once we impose the applicable Federal rules on this particular certified question, I think that the Court will see that, yes, indeed, during the applicable period of time, 1991, 3153, the timeliness rule. And without getting into why we had parallel habeas remedies in the State of Nevada back then, let's just say for purposes of this discussion, Mr. High's Federal or, excuse me, his State habeas petition was untimely because he filed it, I believe, 4 or 5 years after the judgment of conviction was entered. So that's a fact, and obviously we concede that. The Federal rules with regard to adequacy, because that's what consistent application is all about. It's a part of adequacy. Was the rule clear? Was it actually on the books? If it was, was it consistently applied? So the motions panel parsed through adequacy, as, you know, in the cases in this Court, Poland v. Stewart, U.S. Supreme Court, Ford v. Georgia, and wanted the focus to be on whether or not the rule was consistently applied. Our argument below with regard to the several issues that were pled in the amended petition that Judge, I believe Judge Hicks, found to be defaulted under 177-315 was that, no, it wasn't consistently applied, and it wasn't consistently applied because, and I'll read 177-315, because it's a little different from what we were talking about earlier, 726, unless there is good cause shown for a delay. A proceeding under this statute must be commenced within a year. Now, good cause, back in 1991, was a very broad concept. And the application of that particular rule by the Nevada Supreme Court was to ensure that even a time --" even an untimely petition would never be sui spontely, should never be denied sui sponte, and that the State would always be constrained to file some kind of responsive pleading challenging or asserting that it should be, that the petition should be dismissed on timeliness grounds. This gave the Petitioner, and in this case, Mr. High was pro se, an opportunity to meet the State on the field of battle to try to convince the judge that he had good cause. That didn't happen in this case, because within weeks of Mr. High filing his untimely petition, the judge, and I, you know, I laid it out in my brief, and it's kind of, it's a travesty what happened. The judge basically said, well, I've looked at this. There doesn't seem to be anything here. Mr. District Attorney, please prepare an order. The order was like a paragraph long, no findings of fact, no conclusions of law, no Mr. High. He was not given any notice, and he was not given an opportunity to respond to any kind of particular ex parte, sui sponte proceeding. He was in his prison cell. He first found out about this when he got a, I believe, a letter, notice of entry of order that, oh, by the way, that petition you filed, we took care of that. So we challenged adequacy on those grounds below. And as this Court pointed out, and again, I cite to Bennett v. Mueller again, because Bennett v. Mueller is very instructive on this point, adequacy or procedural default, procedural default needs to be put in issue by the State. The State needs to plead it or they waive it. Once it's pled, the GUI, the Petitioner, is obliged to talk about why adequacy, why there was, why the State did not meet their requirements in Bennett, 322, Fed 3rd at 586. The Petitioner can satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the State procedure, including, and I paraphrase this, this is my own little parenthetical, but not limited to, citation to authority demonstrating inconsistent application of the rule. Below, and you can find this at excerpts of record 165 through 168, we argued that it was not adequate because of the Stalin-esque proceeding in front of the district court, the State district court, where Mr. High was in his prison cell and the district attorney and the judge got together and just basically said, see you later. We're not even going to talk about good cause. But that's not what Bennett v. Mueller means by citing to authorities, where it's not been, where there is inconsistency. What Bennett v. Mueller does is have a shifting burden of proof. Once the State shows the affirmative defense of the time barrier, like any statute of limitations, then the burden is on the Petitioner to show an inconsistent application by citing other authorities, like in the case of State v. Wombat. It wasn't applied, right? That wasn't done in this case, was it? Well, I don't think that you're reading Bennett in far too limited fashion, Judge Bea. I have Bennett, the excerpt in front of me, and what I'm talking about is at page 586, because it's the very end of the opinion where the Court talks about burden of proof. My position is straight from the case. The Petitioner, Mr. High, may satisfy this burden, in other words, putting it in play, putting adequacy in play, not necessarily consistent application, but adequacy in play. The adequacy is a very broad concept. It could mean whether there is a rule, whether the rule is clear, whether the rule was even in effect, if so, whether the rule was consistently applied. Now, Bennett was a consistent application case, but it was also an adequacy case. And what I'm saying is we put it in play by challenging adequacy. This Court then put it in play when the only adequacy that you challenged was that the State trial court hadn't given you what you considered to be anything but a Stalinesque hearing. Yes, I admit that. And my response to that is this Court, and this Court certainly has the jurisdiction and the authority to do that under Nardi v. Stewart, 354, Fed 3rd, 1134. This Court, when it entered its, as I said at the very beginning of my argument, when it entered its very focused question presented as a certified question, it said, we want to know, counsel, we want to know, lawyers, whether or not in 1991 it was consistently applied. So what I have done is I have given this Court two published opinions, Burgess v. State, 820 Pacific 2nd, 764, and Glarner v. State, 813 Pacific 2nd, 1001, cases that actually sandwich in, they were both 1991 cases, sandwich in when Mr. High's alleged default occurred. Those two cases were discussed by this Court in Loveland v. Harris, were they not? But Loveland was a Chapter 34 case. Loveland was not the same language as 175. No, it's not. It's very different. How is it different? The definition of good cause under Chapter 35, Chapter 34. As to the timing issue, one year from final judgment of conviction or direct appeal. But what's key here, Judge, after that, it was exactly the same language, right? Yes, I agree. But wait a second now. Wait a second. The key in this case is not that. The key in this case is whether or not he had an opportunity to show good cause. Okay? And I agree. Glarner was cited in Loveland, but Loveland was a 34 case. Loveland was a 34-726 case. There is a very big difference between the cause and the – in fact, the statute is different. The 34 statute says the Petitioner has to show cause and prejudice to the Petitioner. Okay? Under Chapter 177, all the Petitioner had to show was good cause. Okay? And under – and Glarner was a 177 case, as was Burgess. Now, the Court – and again, I don't mean to be critical to this Court, but the Court really, by citing Glarner, was citing something by analogy. Glarner was not a 34 case. And that, to me, is a key distinction. We're talking about, again, the focus is, what the focus – what the Court told me to focus on in the certified question, what was the application in 1991 of this rule, and if so – and was that rule application consistent? And I think I answered that question in favor of Mr. High. And I only have 20 seconds, but I'd like to reserve it, if I could. May it please the Court, counsel, my name is Robert Whelan, I'm a senior deputy attorney general employed by the Office of the Attorney General, and I have the privilege – Nice to see you again, Mr. Whelan. Thank you, and nice to see you again, too. There are several problems with Petitioner Appellant's arguments, and starting with the Bennett case – well, starting with the Certificate of Appealability that was issued, we're talking about consistency of application. That's what the Certificate of Appealability is talking about. We're not talking about anything else. With respect to Mr. Lambrose's comments about GLOUNER and what it stands for and what the Court offered it for, I would suggest to the Court that upon examination of the cases in which this Court, the Ninth Circuit, has discussed GLOUNER, it was discussed GLOUNER in the context offered by the Federal Public Defender's Office, whom Mr. Lambrose represents in this particular case. With respect to the Bennett case, the Bennett case adopted the procedure outlined in Hooks v. Ward in the Tenth Circuit. I direct this Court's attention to Bennett v. Mueller at 296 F. 3rd, 752 at 762, wherein this Court said, we prefer the approach outlined by the Tenth Circuit. And the Tenth Circuit said this, and of course, this is all in the Bennett opinion. Once the state pleads the affirmative defense of an independent adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner. This must be done at a minimum by specific allegations by the petitioner as to the adequacy of the state procedure. And this is the important part from our perspective, apart from the fact that the petitioner in this instance failed to do that. The scope of the state's burden of proof thereafter will be measured by the specific claims of inadequacy put forth by the petitioner. Now, what Mr. Lambrose has suggested to this Court is that this Court has all encompassing authority to address anything and everything, and that simply is not the case, and he's trying to rely on Nardi v. Stewart for that proposition. I believe he cited another case in his reply brief for that proposition. However, what this Court's obligation to do is to look, it's every published opinion, indeed, every unpublished decision in this Court dealing with habeas cases starts off, the Court reviews de novo the denial. Well, when you look at what the standards of review are with respect to this Court's evidence, this Court is looking and seeing what was presented to the Federal District Court. And if one examines what the petitioner or appellant presented to the Federal District Court in this particular case, he falls woefully short of placing anything at issue with respect to the adequacy of the state procedural bar in this particular case. All he made were, concludes your allegations, it's not adequate. It's not adequate. Nevertheless, and on top of that, he has not cited one case below, nor one case in this Court, which stands for the proposition that what happened in the state court, the procedure adopted by the state court, somehow or another violates due process. Either under the Nevada Constitution or the Federal Constitution. Indeed, if we look at what happened, the form provided that Mr. High used in this case provided an opportunity for him to explain why he took so much time to file this. And he offered an explanation. That explanation was made under penalty of perjury. He did that. The court reviewed the explanation, and as a matter of law said, that's not good under Nevada law. That explanation is not sufficient to explain why you took, well, Mr. Lambros represented it was four or five years. In fact, it was much closer to six years for him to file this post-conviction action. Said, you had your opportunity. There isn't anything, right? Suggest what Mr. Lambros is saying is that there has to be some sort of hearing. Every instance on that. And the courts can't do that. That's not required under due process. The court looked at it. The record shows that he was provided an opportunity to make an explanation. He availed himself of the opportunity, and the court reviewed the explanation and found it lacking. That explanation was again reviewed by the Nevada Supreme Court, which said it's lacking. No more due process is required. Unless this court has any other questions, that's all I have at this time. What's your answer to the question that was asked on the COA? I'm sorry? Whether or not it was consistently applied. First of all, the It is our position, number one, that it was the consistent application of the statute was never placed at issue. If you look at. You're not answering the question that was asked. Okay. There may be some other issues, but was it consistently applied in 1991? Oh, yes, it was. Okay. Tell us. What cases do you have to counter opposing counsel's cases? He hasn't got any cases. This Court rejected Glowner and Burgess. As a matter of fact, in Loveland v. Hatcher, and I forget the other case, this Court's already said they don't do anything. If you look at Burgess and Glowner, they don't say that it's indicative of inconsistent application of 177.315 anyway. This Court has already decided that. Well, counsel says the case was not decided under the same section. What's your answer to that? Nevada has had a long history starting. There's case law in Nevada dealing with the failure to bring your claim as soon as you possibly can. Nevada has had a statute on the records for many, many, many years, long before Mr. High delayed in bringing his thing, his action, saying you've got to do it within one year. And with all due respect, Your Honor, I suggest that you're improperly shifting to me the burden of proof. No, she was just asking a question. Well, okay. I mean, just for the record, I mean, I'm not going to argue with you. Don't take offense by our questions. We're just asking questions here. We're not arguing with you. Yeah. Well, I would direct this Court's – I'm trying to think of the 177.315 cases that I'm aware of, and I'm trying to separate those two. And frankly, the burden not having been placed on me previously – Well, when the COLA was granted, it seemed to me that you had a very simple thing to answer. Either it was or it wasn't applied consistently. Your argument perhaps could have been one minute. That was the question to you. I'm sorry, Your Honor? That was the question to you. I would say that it is consistently applied. I would say the Supreme Court case law, Duggar, Johnson, Harris v. Reed, say it's presumptively consistently applied. I would say as well that the Bennett case, although it says it doesn't allocate the initial burden to us, does say the presumption's there. The presumption's never been rebutted, Your Honor. That's the whole point. You know, it's not unusual in consistency cases for the appellate briefs to cite a whole host of consistencies that weren't brought to the attention of the district court, because the issue – the question is whether the issue is raised. And I understand your position on that, but that's what we're directing our attention to, because in other cases we have looked at those cases. So this is your opportunity to persuade us that – point to the cases you'd like us to look at. I'm sorry, Your Honor, if they aren't in the appellate brief right at this point. No, I mean, other than your brief. We know it's in your brief, but if you want to highlight or any additional case you want to call to our attention, this is your opportunity. Well, with all due respect, then, Your Honor, and I would point out as well, under Duggar v. Adams, the – even if Petitioner, who has not done this, were to show inconsistent application on one or two occasions, or perhaps even more under Duggar, that doesn't show inconsistent application of the rule. The rule is clearly expressed, as I said. And I'm sorry, Your Honor, I'm not prepared – I didn't come here prepared to give evidence to this Court. As you're aware from my brief, it's our position this is not the proper forum to be presenting evidence. And I – frankly, right now, I cannot think of anything other than what would be published in the Nevada reports with respect to the application of 177-315. I see my time is about to run out. If there aren't any other questions, that's all I have. Thank you for your attention. Thank you, counsel. The case just argued to be submitted. The next case on the oral argument calendar is Cannelli v. Del Papa.
judges: B. Fletcher, Thomas, Bea